UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KWAME SURPRIS,

                Plaintiff,

-against-

CITY COURT OF THE STATE OF NEW YORK,
WHITE PLAINS, COUNTY OF WESTCHESTER;
PEOPLE OF THE STATE OF NEW YORK;
WHITE PLAINS POLICE DEPARTMENT,

                Defendants.

21-CV-7698 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, filed this action alleging that Defendants arrested him in violation of his rights. By order dated November 17, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff, using the court's form complaint for civil cases, brings this action against the City Court of the State of New York, County of Westchester; the People of the State of New York; and the White Plains Police Department. Plaintiff alleges the following, which occurred on an unspecified date, as the facts giving rise to his claims: "I went to a location waiting with someone, I was then cased by police officers that's all I remember about the incident. I was handcuffed and I believe I was sent to county jail." (ECF 2, at 5.) Plaintiff alleges that, as a result of the alleged events, he suffered wrist, leg, and back injuries. He brings this action seeking money damages.

Plaintiff also attaches to the complaint several documents from proceedings before the City Court of the State of New York, County of Westchester. The papers consist of a motion, an affirmation in support of the motion, and a memorandum of law to dismiss a misdemeanor complaint charging Plaintiff with resisting arrest and trespass, stemming from an arrest on March 4, 2019; and a certificate of disposition stating that Plaintiff pleaded guilty to a reduced charge and was conditionally discharged for a year and assessed a surcharge. (*Id*. at 10-18.)

## DISCUSSION

Plaintiff brings this action without indicating the jurisdictional basis for his claims. In response to the question on the complaint form asking which of his federal constitutional or federal statutory rights have been violated, however, Plaintiff writes, "Unlawful search & siesure [sic]" and "right to use of public facilities." (ECF 2, at 2.) Because Plaintiff alleges that his federal constitutional rights have been violated, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A.   **Eleventh Amendment immunity**

The Court must dismiss Plaintiff's claims against the City Court of the State of New York, County of Westchester, and the People of the State of New York under the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a

state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff's Section 1983 claims against the People of the State of New York are effectively claims against the State of New York. The City Court of the State of New York, County of Westchester, is part of the New York State Unified Court System, *see* N.Y. Const. Art. 6, § 1(a) ("The unified court system for the state shall also include the district, town, city and village courts outside the city of New York, as hereinafter provided."), which "is unquestionably an 'arm of the State,'" *Gollomp*, 568 F.3d at 366. Plaintiff's Section 1983 claims against the People of the State of New York and the City Court of the State of New York, County of Westchester, must therefore be dismissed as barred under the Eleventh Amendment and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**B.     White Plains Police Department**

Plaintiff's claims against the White Plains Police Department must also be dismissed because city agencies or departments do not have the legal capacity to be sued under New York law as they are merely administrative arms of a municipality. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

4

In light of Plaintiff's *pro se* status and clear intention to assert claims against City of White Plains, the Court construes the complaint as asserting claims against the City of White Plains. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson, Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see also Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff's allegations do not suggest that the City of White Plains has a municipal policy, custom, or practice that has caused a violation of his rights. The Court therefore dismisses Plaintiff's claims against the City of White Plains for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.  **Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff alleges that he has no further recollection of the relevant events, it appears that

5

the defects in Plaintiff's complaint cannot be cured with an amendment, and the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 as frivolous, barred under the Eleventh Amendment, and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 29, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge